UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re Motion for Protective Order | ) Cause No. 1:16-mc-42-WTL-TAB |

### ENTRY TRANSFERRING SUBPOENA-RELATED MOTIONS

This miscellaneous action arises out of subpoenas issued by the United States District Court in Denver, Colorado, as part of ongoing discovery in a tax refund case pending in that court, *Bren Simon v. United States*, No. 1:15-cv-538-REB-KMT (D. Colo.). The subpoenas were issued to non-parties to that case—Herbert Simon, Stephen Simon, Kevin Bower, Donald Walsh, Pacers Basketball, LLC, and Faegre Baker Daniels, LLP (collectively, the "Pacers Group")—and require compliance within this district. At issue are subpoenas issued on behalf of the Plaintiff in the Colorado case, Bren Simon, and on behalf of the Defendant in that case, the United States.

The Pacers Group initiated this action by filing a motion for protective order seeking

> an order under FRCP 26(b)(1), 26(c)(1)(B), 45(d)(1), and 45(d)(2)(B)(ii) protecting it from having to comply with the subpoenas until (i) a suitable protective order is entered in the Colorado Litigation; (ii) the scope of the information requested is confined so as to avoid additional undue burden; and (iii) the Parties agree to reimburse the Pacers Group for its fees and expenses incurred in complying with the subpoenas.

Dkt. No. 1 at 1-2. The Pacers Group explains that after it objected to the subpoenas at issue, it engaged in discussions with the United States regarding what would be produced and "[a]t this point, though disagreements remain, the Pacers Group and the [United States] have progressed toward an agreement on the scope of production. The Pacers Group's more important concern, however, is protecting the confidentiality of its information." *Id.* at 4. Specifically, the Pacers Group wants its production pursuant to the subpoenas—as well as information that has already

been produced by others in the Colorado case that the Pacers Group deems to be its confidential information—to be subject to a protective order, to be entered by the Colorado district court, that includes certain provisions to which the United States is unwilling to agree and which the Pacers Group argues are crucial to protecting its interest in the confidentiality of its information. The Pacers Group is not asking this Court to enter the protective order it wants; rather, it is asking this Court to enter an order "protecting it from having to produce documents in response to the Parties' subpoenas *unless the Colorado court* enters an order allowing the Pacers Group to protect its information by designating it as 'Confidential'—regardless of the information's source." *Id.* at 9 (emphasis added). The Pacers Group also argues that it should not be required to produce certain information sought by the subpoenas for various reasons, including privilege and undue burden.

In addition to responding to the merits of the Pacers Group's arguments, the United States has moved to transfer this matter to the Colorado court pursuant to Federal Rule of Civil Procedure 45(f), which provides, in relevant part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Pacers Group objects to this matter being transferred, not surprisingly preferring the convenience of litigating in its home district, rather than in distant Colorado.

If the Pacers Group were only asking this Court to address its privilege and burden objections to the subpoenas, it appears that the exceptional circumstances required by Rule 45(f) would not be present. But that is not the only relief the Pacers Group seeks; indeed, by its own admission, obtaining that relief is not the main purpose of its motion. Rather, the Pacers Group essentially is asking this Court to pass judgment on an order that the Pacers Group wants the Colorado court to enter—an order that would affect not only the parties now before this Court,

but apparently others who have already produced documents in the Colorado case. The Court finds that this highly unusual aspect of the Pacers Group's motion constitutes "exceptional circumstances" such that transfer is appropriate. As the Pacers Group has framed the issues, this Court cannot resolve the entirety of the conflict regarding the Pacers Group's obligations under the subpoenas; the conflict will continue unless and until the Colorado court acts. Accordingly, the Court **GRANTS** the motion to transfer, which will permit the Colorado court to fully examine and resolve all of the issues relating to the subpoenas issued to the Pacers Group.

For the reasons set forth above, the United States' motion to transfer [Dkt. No. 15] is **GRANTED** and all other matters pending in this case are hereby **TRANSFERRED** to the United States District Court for the District of Colorado pursuant to Federal Rule of Civil Procedure 45(f).

SO ORDERED: 8/18/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification